UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN MEMHARDT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NATIONSTAR MORTGAGE, LLC, ) <br> et al., ) <br> ) <br> Defendants ) | Case No. 4:17-cv-01411-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Ms. Patti Hickey and Defendant Bank of America to quash the subpoena served by Plaintiff and for protective order. ECF No. 44. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff filed this action against Nationstar Mortgage, LLC, and Bank of America, asserting violations of the Real Estate Settlement Procedures Act, the Missouri Merchandising Practices Act, and the Fair Debt Collections Practices Act, as well as invasion of privacy, wrongful foreclosure, and breach of contract. ECF No. 20. Plaintiff claims that in 1993, she purchased property at 530 Beacon Pointe Lane, Wildwood, Missouri ("subject property"), and later conveyed the subject property to her mother, who obtained a mortgage. In 2009, Plaintiff's mother conveyed the subject property back to Plaintiff. In her amended complaint, Plaintiff alleges, inter alia, that due to the errors of

Bank of America and/or its employees, Plaintiff was unable to assume her mother's mortgage or modify her mortgage under the Home Affordable Modification Program ("HAMP").

Plaintiff now seeks to depose Patti Hickey, claiming that she was the Bank of America employee involved in some of the transactions referenced in the amended complaint. Plaintiff also requests that Ms. Hickey bring with her copies of all electronic and written communications in her possession or control relating to the subject property. ECF No. 41.

Bank of America opposes the deposition, stating that Ms. Hickey is an unrelated third party who "played no role in the modification which forms the basis of Plaintiff's claims against [Bank of America]." ECF No 45 at 3. It contends that Ms. Hickey has no knowledge relating to Plaintiff's loan and has no documents in her possession relating to the subject property, and it attached an affidavit executed by Ms. Hickey stating that she has "no knowledge as to Karen Memhardt, the underlying loan, the property securing the loan, or the claims asserted in the Amended Petition." ECF No. 45-9. Bank of America maintains that Plaintiff failed to show that Ms. Hickey has documents or unique or relevant testimony that has not been provided through document production or could be provided as part of Bank of America's corporate representative's testimony. Therefore, Bank of America contends the deposition should be quashed because it is irrelevant, unnecessary, and imposes an undue burden on a non-party.

Plaintiff argues that she seeks the deposition of Ms. Hickey because Ms. Hickey "was involved with assisting Plaintiff on many banking matters over the course of ten years. She was personally involved with Plaintiff's mother (and Plaintiff) obtaining the refinanced loan which is the subject of this litigation." ECF No. 46 at 4. Therefore, Plaintiff contends that Ms. Hickey is not an unrelated third party and that although Plaintiff has Bank of America's loan file, "there are other issues relating to Plaintiff's effort to obtain a modification of the refinanced loan that would be known to Plaintiff and employees at Defendant Bank of America who assisted her." *Id.* at 5. In support, Plaintiff executed an affidavit stating that she consulted with Ms. Hickey regarding matters related to her amended complaint. ECF No. 46-1.

## DISCUSSION

Federal Rule of Civil Procedure 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Although the federal rules permit liberal discovery, it "is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery

outweighs its likely benefit. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003).

Rule 45 provides the rules governing subpoenas directed at nonparties, and authorizes a district court to quash a subpoena when the subpoena requires disclosure of privileged or other protected matter, or when it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A) (iii) and (iv); *Peoples Nat'l Bank, N.A. v. Mehlman*, No. 4:15-CV-00996-AGF, 2016 WL 3268761, at *2 (E.D. Mo. June 7, 2016). The court has especially wide latitude in deciding whether to quash a subpoena issued to a nonparty. *Swann v. Calahan*, No. 4:11CV00369 (JCH), 2011 WL 3608056, at *1 (E.D. Mo. Aug. 15, 2011). A "party seeking to quash a subpoena bears the burden to demonstrate that compliance would be unreasonable or oppressive." *Enviropak Corp. v. Zenfinity Capital*, LLC, No. 4:14CV00754 ERW, 2014 WL 4715384, at *3 (E.D. Mo. Sept. 22, 2014). If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena. *Mehlman*, 2016 WL 3268761, at *2.

Here, Plaintiff submitted an affidavit detailing her interactions with Ms. Hickey and Ms. Hickey's role in assisting her with the loan underlying Plaintiff's claims. Based on that affidavit, Ms. Hickey's testimony may be relevant to Plaintiff's lawsuit. Moreover, Bank of America has failed to show how the deposition would be unreasonable or oppressive to Ms. Hickey, a current Bank of America employee, or by what other means Plaintiff may obtain information regarding Ms. Hickey's personal interactions with and handling of Plaintiff's loan. The case law cited by Bank of America

in its memorandum poses different situations than that before the Court. *Shelton v. American Motor Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) involved the circumstances under which opposing trial counsel may be deposed. *Mehlman*, 2016 WL 3268761, at *3, involved requests for production directed at parties with no personal knowledge of Plaintiff's claims; instead, they were the accountants of the defendant who would not be called as witnesses for trial and did not possess documents beyond those already produced to the plaintiff.

It seems that Ms. Hickey has personal knowledge of some aspects of Plaintiff's claims, which is not information that could be obtained through the deposition of a corporate representative. If, as she claims in her affidavit, Ms. Hickey does not have any personal knowledge as to the claims asserted in Plaintiff's lawsuit, she may so state in her deposition.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Ms. Patti Hickey and Defendant Bank of America to quash the subpoena served by Plaintiff and for protective order is **DENIED**. ECF No. 44.

                                       _Audrey G. Fleissig_
                                       AUDREY G. FLEISSIG
                                       UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2018.