UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN MEMHARDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-01411-AGF |
| ) | |
| NATIONSTAR MORTGAGE, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Karen Memhardt's motion to modify the scheduling order, to allow for a belated amendment of the complaint, and to continue the trial date. ECF No. 66. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff filed this action against Nationstar Mortgage, LLC ("Nationstar"), and Bank of America, N.A. ("BANA"), asserting violations of the Real Estate Settlement Procedures Act, the Missouri Merchandising Practices Act, and the Fair Debt Collection Practices Act, as well as invasion of privacy, wrongful foreclosure-anticipated, and breach of contract. ECF No. 20. Plaintiff claims that in 1993, she purchased property at 530 Beacon Pointe Lane, Wildwood, Missouri ("subject property"), and later conveyed the subject property to her stepmother, Charlyne T. Skelton, who obtained a mortgage. In 2009, Plaintiff's stepmother conveyed the subject property back to Plaintiff.

In the current complaint, Plaintiff alleges, inter alia, that due to the errors of BANA and/or its employees, Plaintiff was unable to assume her stepmother's mortgage or modify it under the Home Affordable Modification Program ("HAMP"). The mortgage was sold to Nationstar in 2014, and Nationstar continued to deny Plaintiff the ability to modify the mortgage, in part due to Plaintiff's name not appearing on the loan. After Plaintiff became delinquent on her payments, Nationstar sent Plaintiff a notice of foreclosure, prompting Plaintiff to file this lawsuit.

The Case Management Order ("CMO") for this case set the deadline for filing motions for amendment of pleadings as August 1, 2017, and set forth a schedule for discovery and trial. In accordance with the CMO, the parties have exchanged written discovery and conducted depositions. The parties participated in mediation on November 22, 2017, and discovery was completed on May 15, 2018. On June 4, 2018, BANA filed a motion for summary judgment. Shortly thereafter, on June 25, 2018, Plaintiff filed the motion for leave to amend the complaint now before the Court.

Plaintiff does not attach a proposed amended complaint to her motion, so it is not clear how many or what type of claims Plaintiff wishes to add. However, Plaintiff asserts that while preparing to defend against the motion for summary judgment, she and her counsel realized that the signature of Plaintiff's stepmother on the deed of trust was

forged. In addition, Plaintiff takes issue with the fact that a Texas notary notarized the signature on the deed, when the notary had no jurisdiction to do so. ECF Nos. 66, 67.[1]

BANA and Nationstar oppose the motion for leave to file an amended complaint, arguing that allowing Plaintiff to amend would cause undue delay and prejudice Defendants. Defendants argue that the parties have incurred expenses conducting depositions, completed discovery, and filed motions for summary judgment.[2] Defendants maintain that if Plaintiff adds claims of fraud or forgery to the complaint, discovery would have to be re-opened and an entirely new scheduling order entered. Further, Defendants contend that Plaintiff has had the documents with the allegedly fraudulent signature in her possession since the inception of the lawsuit in April 2017, and that her motion for leave to amend is simply a tactic to avoid summary judgment.

## **DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires." Fed. R. Civ. P. 15(a). Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).

---

[1] Plaintiff in her opposition to Defendant's motion for summary judgment reasserts her claims that the deed of trust was invalid from its inception because the signature on it was forged and it was "premised on an unauthorized notary." ECF No. 74 at 3.

[2] Nationstar filed a motion for summary judgment on July 3, 2018. ECF No. 70.

It is well-settled in this Circuit that when a party seeks to amend a pleading after the scheduling deadline for doing so, Rule 16(b)'s more narrow good cause standard applies, not Rule 15's liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715-16 (8th Cir. 2008). In *Sherman*, the Eighth Circuit explained,

> The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit. In *Popoalii* [*v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)], we stated that "[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule." 512 F.3d at 497 (citing Rule 16(b) (emphasis added)). Moreover, we said so in the context of a discussion of the Rule 15 amendment standard, unmistakably concluding that Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a). *Id*. Because Popoalii filed her motion to amend her complaint five months after the scheduling deadline for amending pleadings, "[u]nder [Rule] 16(b), Popoalii needed to show cause in order to be given leave to amend." *Id.*

*Sherman*, 532 F.3d at 715-16 (8th Cir. 2008). "[T]he application of Rule 16(b)'s good-cause standard is not optional." *Id.* at 716.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, the Court will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's]

4

requirements"). In short, "good cause" for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner. *Sherman*, 532 F.3d at 716–18.

Here, Plaintiff's motion to amend comes eleven months after the expiration of the deadline for amendment of pleading. But, Plaintiff has had the deed of trust in her possession at least since the beginning of this lawsuit, and she offers no good explanation why the amendment could not have been offered sooner, other than the fact that she and her attorney did not realize the fraudulence of the signature until now. Further, she has not cited to any evidence, other than her own observations and the observations of her attorney, that the signature is indeed forged. This is insufficient to satisfy Rule 16(b)'s good cause standard, particularly at this late stage of the litigation and where the amendment would require the re-opening of discovery and a significant delay in the current December 2018 trial schedule. *See Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003) (stating that "[t]here is . . . no absolute right to amend a pleading," and affirming a denial of a motion for leave to amend filed after discovery had closed and after a defendant had moved for summary judgment); *SmithCo Mfg. Inc. v. Haldex Brake Prod. Corp.,* 267 F.R.D. 250, 254 (N.D. Iowa 2010) (holding that good cause was not established when "the proposed amendment would make purely legal changes in the pleadings that could have been asserted within the time allowed for amending the pleadings").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff Karen Memhardt's motion to modify the scheduling order, to allow the amendment of the complaint, and to continue the trial date is **DENIED**. ECF No. 66.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2018.